Filed 3/19/13  P. v. Martinez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JULIO PANTOJA MARTINEZ,<br><br>    Defendant and Appellant. | F064431<br><br>(Super. Ct. No. F10905012)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Rosendo Peña, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Levy, Acting P.J., Detjen, J., and Franson, J.

## STATEMENT OF THE CASE

Appellant, Julio Pantoja Martinez, was charged in a criminal complaint, filed on October 1, 2010, with four felony counts of attempted home invasion robbery in concert with two or more persons (Pen. Code, §§ 664, 213, subd. (a)(1)(A), counts 1-4).[1] The complaint also alleged an enhancement for each count that appellant used a gun (§ 12022.53, subd. (b)). An information was filed with the same allegations on March 9, 2011. On April 22, 2011, the trial court denied appellant's motion for new counsel made pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

On May 2, 2011, criminal proceedings were suspended pursuant to section 1368. The court directed a psychologist to examine appellant. Dr. Harold L. Seymour evaluated appellant on May 12, 2011. Dr. Seymour found appellant's attention to be focused, his memory grossly intact, and his thinking processes linear and on topic. Although appellant was undergoing anxiety concerning his trial, Dr. Seymour found no major mental disorder that would interfere with appellant's ability to be a competent defendant. Dr. Seymour found appellant competent to stand trial and with the ability to competently assist his legal counsel. On May 27, 2011, the trial court found appellant competent to stand trial and reinstated criminal proceedings.

On December 15, 2011, a second *Marsden* motion was denied by the trial court. On that date, appellant entered into a plea agreement wherein he would admit the allegations in the information and receive a stipulated prison term of 13 years. Appellant executed a felony advisement, waiver of rights, and plea form acknowledging the terms of the plea agreement, the consequences of his plea, and his constitutional rights pursuant to *Boykin/Tahl*.[2] Appellant waived his *Boykin/Tahl* rights in the form. At the hearing,

---

[1] All statutory references are to the Penal Code.

[2] *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122 (*Boykin/Tahl*).

the trial court verified that appellant understood the terms of the plea agreement, the consequences of the plea, and had executed and initialed the change of plea form. The parties stipulated that the preliminary hearing transcript constituted a factual basis for the plea. Appellant pled no contest to all four counts and admitted the gun use enhancement as to each count.[3]

On January 17, 2012, the trial court sentenced appellant to prison for a term of three years on count one, plus a consecutive term of ten years for the gun use enhancement for a total term of 13 years. The court sentenced appellant to concurrent sentences on the remaining counts and enhancements. The court imposed a $2,600 restitution fine and granted petitioner 547 days of custody credits consisting of 476 actual days in custody, plus 71 conduct credit days. Appellant did not obtain a certificate of probable cause. Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

## FACTS

On May 5, 2010, at about 6:30 a.m., three males armed with guns forced their way into a residence on Hayes Street in Fresno. The armed robbers demanded drugs from three residents in the home. A fourth resident was on her bedroom floor during the robbery and telephoned her brother who lived next door. She saw appellant pointing a shotgun at her uncle. The brother ran next door and interrupted the robbery. The victims explained that the robbers were all wearing body armor and law enforcement badges. The robbers fled, leaving behind a shotgun, body armor, a flannel jacket, and a police badge near the residence. Appellant's DNA was found on the clothing. Two

---

[3]  Appellant also admitted a misdemeanor driving under the influence allegation in an unrelated criminal action.

3

codefendants were later arrested and admitted being involved in the robbery with appellant.

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on June 29, 2012, we invited appellant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.